Green, J.
delivered the opinion of the court.
Michael Hall executed to Montgomery Bell, his note, under seal, in the following words: “Nine months after date, I promise to pay M. Bell, or order, one hundred and fifty dollars, for value received; witness my hand and seal, this 18th Nov. 1829.
Michael Hall.” [Seal.]
This note Bell assigned to Johnson and Hicks, in the following words: “I assign the within to J. Johnson and A. W. Hicks, and guarantee the solvency of the drawer. May 22d, 1830. M. Bell.”
*196 ^ie ^a7 ^Ie note became due, the agent of Johnson and Hicks went to the Tennessee iron works, where Hall, the maker of the note, had usually resided, to demand payment. Hall was not there, and upon enquiry of the clerk of the iron works, the said agent ascertained that Hall had left the country two or three weeks before, and had gone to Missouri or Ohio. Upon enquiry of the clerk, the agent was informed that no provision had been made for the payment of the note. The said agent addressed a letter to .Bell? informing him of the application at the iron works, and the failure to get payment, and the same day put it into the post master’s hands at the iron works, and requested him to send it by the first mail to Nashville, near which place Bell lived.
The plaintiffs brought no suit against Hall, nor did they introduce any proof to show that he was insolvent; and the only question in the case is, whether they were bound to do so by the terms of the assignment, before they can recover of Bell.
■ It is true, as contended for by the counsel for Bell, that the payee of a note may make an assignment, by which to protect himself altogether from liability; or by which the liability is only to attach, upon the performance by the assignee of some stipulated condition. The assignment is a contract between_the parties, and they may make it of any character they please; but the general rules which govern endorsements of negotiable paper, will prevail m all cases, where there is not a clear expression of the intention of the endorser to control those rules,, and to subject himself to liability upon other conditions.
• The enquiry presents itself, then, upon the language used in this assignment, whether such intention is here expressed. He says, <£I assign the within note to J. Johnson and A. W. Hicks, and guarantee the solvency of the drawer.” What does he mean by these latter words? Do they express an intention to restrict his lia *197 bility? We think not. On the contrary, they were intended to enlarge it, and give the assignees more ample means of holding him responsible. Had they failed to make demand and give notice, so as to fix his responsibility upon the endorsement, still they might have recovered of him upon this guarantee, provided they could show by suit or otherwise, the insolvency of Hall.
This we think must be the meaning of these words, if they were intended at all to vary the undertaking from that arising upon an ordinary endorsement.
Let the judgment be affirmed.
Judgment affirmed.